UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-22931-CV-LENARD
(10-20896-CR-KING)
MAGISTRATE JUDGE REID

JAHMAL AKEEM MARTIN,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This Cause is before the Court upon Movant's Motion to Vacate pursuant to 28 U.S.C. § 2255, attacking the constitutionality of his convictions or sentences following a guilty plea in Case No. 10-20896-CR-KING. [ECF 1; 3].[1] In his Motion, Movant contends his conviction under 18 U.S.C. § 924(c) should be vacated in light of *United States v. Davis*, — U.S. — , 139 S. Ct. 2319, 2336 (2019). This Cause has been referred to the Undersigned for consideration and report. *See* S.D. Fla. Admin. Order. For the following reasons, the Motion should be **DENIED**.

---

[1] This Report uses the citation "[ECF]" to reference docket entry numbers in the instant federal habeas case. Citations to "[CR ECF]" refer to docket entry numbers in the underlying criminal case.

## II. Pertinent Factual and Procedural Background

Following a guilty plea, Movant was convicted of Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) and Possession of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [CR ECF 206]. The § 924(c) conviction's factual predicate relied upon the conduct from the substantive Hobbs Act Robbery charge. [CR ECF 39]. The Court sentenced Movant to 42 months' imprisonment for the Hobbs Act Robbery conviction, followed by a consecutive sentence of 84 months' imprisonment under § 924(c). [*Id.*].

Movant appealed challenging the district court's decision to apply an aggravating-role enhancement pursuant to U.S.S.G. § 3B1.1(c). The Eleventh Circuit ultimately affirmed the convictions and sentences imposed. [CR ECF 339]. The mandate issued on May 9, 2012. [*Id.*]

Over seven years later, Movant filed the instant Motion to Vacate under 28 U.S.C. § 2255. [ECF 1]. In his Motion, Movant contends his § 924(c) conviction should be vacated in light of *United States v. Davis*. [ECF 1 p. 4].

## III. Standard of Review

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution...may

2

move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a).

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (citations and internal quotations omitted). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

After the Court accepted Movant's guilty plea, he was sentenced to 204 months' imprisonment, which consisted of 120 months' imprisonment followed by a consecutive term of 84 months' imprisonment. [CR ECF 46].

3

## IV. Discussion

The Government argues that Movant is procedurally barred from raising his *Davis* claim in a § 2255 motion and, in the alternative, that Movant's claim fails on the merits.[2] [ECF 8]. Here, the Court need not decide whether any procedural bars apply because *Davis* simply does not apply to Movant's case. As a result, Movant's claim should be denied on the merits. *See, e.g.*, *Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (affirming a district court's denial of a § 2255 motion even though the motion was untimely); *Goodloe v. United States*, 448 F. App'x 980, 981 (11th Cir. 2011) (affirming a district court's merits denial of a § 2255 motion even though the claim was also procedurally barred).

"[Section] 924(c) provides for a mandatory consecutive sentence for any defendant who uses a firearm during a crime of violence or a drug-trafficking crime." *In re Sams*, 830 F.3d 1234, 1237 (11th Cir. 2016) (citing 18 U.S.C. § 924(c)(1)). Under § 924(c), a "crime of violence" means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B).

---

[2] The Government omitted any reference to the timeliness of the instant Motion. [ECF 8].

In *Davis*, the Supreme Court held the "residual clause" of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *United States v. Davis*, 139 S. Ct. at 2336.  Section 924(c)(3)(A) is referred to as the "use-of-force clause" or "elements clause" and § 924(c)(3)(B) as the "residual clause." *Davis*, 139 S. Ct. at 2324; *Sams*, 830 F.3d at 1237. *Davis* only invalidated § 924(c)'s residual clause, 139 S. Ct. at 2336, but not its elements clause, *In re Pollard*, 931 F.3d 1318, 1320 (11th Cir. 2019).

A § 2255 movant "bear[s] the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he [must] show that his § 924(c) conviction resulted from application of solely the [now defunct] residual clause [in § 924(c)(3)(B)]." *Hammoud*, 931 F.3d at 1041 (citing *Beeman v. United States*, 871 F.3d 1215, 1222-25 (11th Cir. 2017); *In re Moore*, 830 F.3d 1268, 1271 (11th Cir. 2016)).

Here, Movant's § 924(c) conviction was predicated upon a crime of violence, Hobbs Act Robbery. Because Hobbs Act Robbery categorically qualifies as a "crime of violence" under the use-of-force clause in § 924(c), *see United States v. St. Hubert*, 909 F.3d 335, 345-46 (11th Cir. 2018), Movant cannot meet his burden in showing the residual clause was used to convict him. *See Beeman v. United States*, 871 F.3d 1215, 1221, 1225 (11th Cir. 2017), *cert. denied*, 139 S. Ct. 1168 (2019). In

turn, because *Davis* has no applicability to Movant's case, the Motion should be denied on the merits.[3]

## V. Evidentiary Hearing

Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015).

However, district courts "need not hold a hearing if the allegations are 'patently frivolous,' based upon 'unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Diveroli*, 803 F.3d at 1263 (relying upon *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)). *Cf. Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing in a § 2254 context).

---

[3] At any rate, because Movant's claim fails on the merits, he would be unable to overcome any applicable procedural bars. First, actual prejudice under the cause-and-prejudice standard could not be shown if *Davis* has no applicability to Movant's case. *See Lynn*, 365 F.3d at 1234; *Bousley v. United States*, 523 U.S. 614, 622 (1998). Second, the actual innocence exception would not permit Movant to overcome any applicable procedural bar because his filings do not rely on any factual evidence of innocence. Instead, he asserts that *Davis* proves his innocence. [ECF 3, p. 2]. Of course, because *Davis* does not apply to Movant's case, the issuance of *Davis* would not support his contention that he is actually innocent.

Here, Movant cannot show an evidentiary hearing would prove he is entitled to relief. The record and his allegations are sufficient. Thus, an evidentiary hearing should be denied.

### VI. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus [or motion to vacate] has no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). To merit a certificate of appealability, prisoners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001).

In this case, there is no basis to issue a certificate of appealability. If Movant disagrees, he should present his argument to the attention of the District Court Judge in objections.

### VII. Conclusion

Based on the foregoing, it is recommended that the motion to vacate be **DENIED**. [ECF 1]. In addition, an evidentiary hearing should be **DENIED**, and this

Court should **NOT ISSUE** a certificate of appealability. Accordingly, this case should be **CLOSED**.

Objections to this Report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 10th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Jahmal Akeem Martin
      94906-004
      McDowell
      Federal Correctional Institution
      Inmate Mail/Parcels
      Post Office Box 1009
      Welch, WV 24801
      PRO SE

Yeney Hernandez
US Attorney's Office
99 NE 4th Street
Miami, FL 33132
305-961-9277
Email: yeney.hernandez@usdoj.go

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov